CHAMBERS

- 1 -

FILED
AUG 23 2022
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

| | |
|---|---|
| Your Name: | Cory A. Horton, SR |
| Address: | 1500 Karen Dr Benicia, CA 94510 |
| Phone Number: | 415-610-9094 |
| Fax Number: | |
| E-mail Address: | hortoncory@ymail.com |

Pro Se Plaintiff



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Division *[check one]*: ☒ San Francisco ☐ Oakland ☐ San Jose ☐ Eureka

| | |
|---|---|
| Cory A. Horton, Sr | Case Number  3:22-cv-03174-WHO |
| | *[First, Second, etc.]* |
| Plaintiff, | |
| vs. | **AMENDED COMPLAINT** |
| Brian Cauley, et al | |
| | DEMAND FOR JURY TRIAL |
| | Yes ☒  No ☐ |
| Defendant. | |

**PARTIES**

1. Plaintiff. *[Write your name, address, and phone number. Add a page for additional plaintiffs.]*

Name: _____

Address: _____

Telephone: _____

AMENDED COMPLAINT
PAGE __1__ OF __15__ *[JDC TEMPLATE – Rev. 05/2017]*

2. Defendants. [*Write each defendant's full name, address, and phone number.*]

Defendant 1:

Name: _____

Address: _____

Telephone: _____

Defendant 2:

Name: _____

Address: _____

Telephone: _____

Defendant 3:

Name: _____

Address: _____

Telephone: _____

**JURISDICTION**

[*Usually only two types of cases can be filed in federal court, cases involving "federal questions" and cases involving "diversity of citizenship." Check at least one box.*]

3. My case belongs in federal court

☒ under federal question jurisdiction because it is involves a federal law or right.

[*Which federal law or right is involved?*] US 42 section 1983

_____.

☐ under diversity jurisdiction because none of the plaintiffs live in the same state as any of the defendants and the amount of damages is more than $75,000.

**VENUE**

[*The counties in this District are: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo, or Sonoma. If one of the venue options below applies to your case, this District Court is the correct place to file your lawsuit. Check the box for each venue option that applies.*]

4. Venue is appropriate in this Court because:

☒ a substantial part of the events I am suing about happened in this district.

☐ a substantial part of the property I am suing about is located in this district.

_____ AMENDED COMPLAINT
PAGE 2 OF ___ [*JDC TEMPLATE – Rev. 05/2017*]

- 3 -

☐ I am suing the U.S. government, federal agency, or federal official in his or her official capacity <u>and</u> I live in this district.

☒ at least one defendant is located in this District and any other defendants are located in California.

## INTRADISTRICT ASSIGNMENT

*[This District has three divisions: (1) San Francisco/Oakland (2) San Jose; and (3) Eureka. First write in the county in which the events you are suing about happened, and then match it to the correct division. The San Francisco/Oakland division covers Alameda, Contra Costa, Marin, Napa, San Francisco, San Mateo, and Sonoma counties. The San Jose division covers Monterey, San Benito, Santa Clara, Santa Cruz counties. The Eureka division covers Del Norte, Humboldt, Lake, Mendocino counties, only if all parties consent to a magistrate judge.]*

5. Because this lawsuit arose in *San Francisco* County, it should be assigned to the *San Francisco*, Division of this Court.

## STATEMENT OF FACTS

*[Write a short and simple description of the facts of your case. Include basic details such as <u>where</u> the events happened, <u>when</u> things happened and <u>who</u> was involved. Put each fact into a separate, numbered paragraph, starting with paragraph number 6. Use more pages as needed.]*

1.) I Cory A. Horton, Sr started work as full-time temporary employee with SFPUC as stationary engineer in November of 2019 and became permanent in November of 2020. As an employee I had no attendance, performance or disciplinary issues on the job and was a modest employee. During orientation or no point after did my employer notify me of the extreme dangers and prior assaults that had taken place.

2.) On the morning of August 12, 2020, I was violently assaulted with a knife by three men I never met or had any affiliations within the Tenderloin within a few minutes from job and filed a police report on the scene. While there waiting for police my Supervisor Al Larcina and staff arrived on the scene to assist. Shortly after my assailant returned with more than ten others several times retraumatizing me and my co-workers. One of the many assailants was captured at the scene by SF Sheriff. I asked my employer for an *initial reasonable accommodation* for prior disability issues and was not given the actual remedy. I was in fear of asking for additional medical support due to the handling of the initial accommodation request & being temporary status.

3.) I reported the incident to my supervisor and safety officer the same day & my supervisor filed a subsequent complaint with safety officer Jeff Hart. I informed my union rep Stan also

AMENDED COMPLAINT
PAGE __ OF __ *[JDC TEMPLATE – Rev. 05/2017]*

and sought advice regarding my safety. Returning to work on around August 18, 2020, after the initial assault, I was encountered by one of my initial attackers while on duty doing outside rounds in a disruptive threatening manner. These events of stalking, threats, intimidation, harassment continued from August thru December while I was on duty doing my outside rounds. Despite filing complaints nothing was done to improve safety. I subsequently from August 23, 2020, thru December 2020 faced workplace violence in the form of threats, harassment, stalking and disruptive behavior by unknown persons. Including being called the N Word, threatened in Spanish "Murder the Monkey." A restraining order was filed on one of the assailants via the District Attorney and was mailed to my employer who notified me of it in December 2020. I reported these events to security officer Singh.

4.) I begin carrying a loaded firearms to work in fear of my life and advised my co-workers of my actions, during this time I had no medical treatment for trauma nor was I aware of any pending new condition or impairment. The reoccurring work violence and disruptive behavior led me to speaking with Officer Singh & informed him of my experiences and fears of on-the-job site. During this time, I experienced repeated blackouts, anxiety attacks, panic attacks but was unaware of my condition placing my co-workers and others in potential serious harm.

5.) Nothing was done by SFPUC management regarding implementing a safety plan to reduce the workplace violence. In December of 2020 I became permanent and took non-related family medical leave as my fears of discharging a weapon became more viable due to the increased incidents of harassment, intimidation, threats & disruptive behavior and fear for losing my life. In February of 2021 while on personal leave I started trauma therapy and was shortly placed out of work by my medical provider due to impairment related to my disability. I then requested my *second reasonable accommodation* request for change of duty and previously provided remote work all of which was denied by my employer. In March of 2021 I was diagnosed for the first time with PTSD. In January of 2022 I was admitted into Intense Outpatient program at my medical providers recommendation still ongoing.

6.) On around 2/2021 I entered the interactive process of making an accommodation with SFPUC EEOC managers Rick Nelson, Then Carmen Pearson and finally Dena Narbaitz which concluded to being a verry disruptive and combative process. On neither of these attempts was I allowed to gain the reasonable accommodations necessary. The process was unproductive, abusive and left me with none of the help I needed as a disable impaired worker. I was denied previous provided remote work and the ability to transfer roles. Dena Narbaitz misrepresented facts for hearsay and denied me remote working despite me having previously been provided this accommodation by my employer for 6 months. I applied for Regulatory Specialist and had experience and education but was not allowed consideration.

7.) On 10/3/2021 I filed a complaint with DFEH & EEOC regarding this matter and was notified by EEOC that my rights were congruent with DFEH outcome. July 6, 2022, I was informed of the right to sue was available Case Number: DFEH 202201-15969027 EEOC Number: 37A-2022-00709. On April 26, 2022, I filed a complaint with City of SF Controllers office Case Number 22-01672 for damages and they failed to provide any relief, expediently denying my claim. I then submitted a claim with SF Human Resources and SFPUC EEOC manager and have not heard back regarding the outcomes in a timely manner.

8.) In summary, I am now seeking damages for my injuries, severe losses and asking the court to investigate these issues to decide. I was separated from my employment without any opportunities to contest the decision. I was separated from my employee despite enduring unsafe working conditions that violated OSHA safety and health codes pertaining to workplace violence. I was separated from my employment despite being a victim of violent crime and being severely impaired. I was separated from my employment despite having a severe disability impairment and provided no protections. I was not allowed to have the time off I I needed for trauma treatment despite being a victim of stalking. I was refused an accommodation despite being a victim of stalking and the interactive process was very combative and failed to provide me a remedy of which my employer had provided me with previously nor allowed to take a job that would have ensured my safety. I was never allowed a Skelly Mandate hearing with or without a union rep present for the non-punitive separation. Although I followed the union guidelines for unsafe working conditions nothing was done. The retirement board paperwork was never submitted on behalf of me by the employer. I was never medically cleared by my medical provider to return and in taking time off work to ascertain relief these conditions I was terminated.

9.) Despite being in fear of my life, having multiple assailants at large, experiencing workplace violence and seeking reassignment my employer refused several reasonable accommodations. SFPUC demanded that I return to the unsafe location or be eventually medically terminated. On November 2021 I was medically terminated by my employer without any opportunity to contest its decision.

AMENDED COMPLAINT
PAGE 5 OF 15 *[JDC TEMPLATE – Rev. 05/2017]*

# CLAIMS

## First Claim

(*Name the law or right violated*: CGC 12940 (a), CGC 12940 (n) CLC 12940 (a) CLC 230(f) CLC 230(c) CLC 230.1, 42 USC 1983

(*Name the defendants who violated it*:) SFPUC Managers & Commission & City of SF

[*Explain briefly here <u>what</u> the law is, <u>what each</u> defendant did to violate it, and <u>how</u> you were harmed. You do not need to make legal arguments. You can refer back to your statement of facts.*]

**Claim #1**

My employer SFPUC and its management wrongfully removed me from my employment a constitutionally protected property right without providing due process. My employer terminated my employment prior to the retirement board rendering a decision. My employer failed to provide me its medically impaired & disable worker the process of which I am statutorily and constitutionally due. My employer failed to exhaust the due process procedures on my behalf under the retirement system for determining my disability. My employers and its managers breached legislative mandates prohibiting such conduct. My employer also failed to give me the time I needed to seek recovery from trauma.

<u>Cal. Gov. Code Section 12940(a)</u>: This law, also known as FEHA, offers protections from discrimination to certain classes of employees. Among these classes are race, religion, sexual orientation, physical or mental disability, gender identity, age, and veteran status.

<u>Cal. Labor Code Section 230(f)</u>: If an employee discloses that he or she is a victim of sexual assault, violence, or stalking, then the employer must provide reasonable accommodations while the victim is at work. Specifically, these accommodations may include transfers, modifying schedules, or installing locks.

<u>Cal. Labor Code Section 230(c)</u>: An employer cannot retaliate against an employee who is a victim of sexual assault, domestic violence, or stalking *for taking time off from work to get relief.*

-7-

Cal. Gov. Code Section 12940(n): When an employer knows of an employee's disability, the employer must engage in an interactive process to make reasonable accommodations. This entitlement is based on the commencement of permanent employment.

Theiander V. City of El Monte (1983)

Cal. Labor Code Section 230.1: This law applies to employers with 25 or more employees. Such employers cannot retaliate against an employee who is a victim of sexual assault, domestic violence, or stalking for taking time off to seek *medical attention or trauma services*.

42 USC Section 1983- Deprivation of Rights

AMENDED COMPLAINT
PAGE 7 OF 15 *[JDC TEMPLATE - 05/17]*

## Claim #2

(*Name the law or right violated*: CGC 31725, CGC 515.6, 42 USC Section 1983

(*Name the defendants who violated it*: SFPUC Managers, SFPUC Commission, City of SF

**Claim #2**

My employer SFPUC nor its managers did not have the power to summarily remove, segregate, or terminate me once it considered me a disabled employee. In fact, the employer has <u>duty to refrain</u> from do so because the power to make such determinations is vested exclusively with the applicable public employee retirement board.

<u>CGC 31725</u> – Permanent incapacity for the performance of duty shall in **all** cases be determined by the board.

<u>CGC 815.6</u> provides that, if a public entity is under a mandatory duty imposed by statute or regulation designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury caused by its failure to discharge the duty unless it is shown it exercised reasonable diligence.

AMENDED COMPLAINT
PAGE 8 OF 15  [JDC TEMPLATE – 05/17]

**Claim #3**

(*Name the law or right violated*: 42 USC Section 1983

(*Name the defendants who violated it*: SFPUC Managers & Commission, City of SF

**Claim #3**

In separating me from my wages, job & benefits my employer SFPUC and its managers acted as if it had an unfettered right to unilaterally separate me without providing any opportunity to contest the employer's decision. In addition, its HR department failed to implement the **Skelly Mandate** when it decided to terminate me for medical reasons. SFPUC and its management failed to provide me with the process I was due as an employee to challenge its conclusion that I was disabled and that I should be terminated. Permanent public employees perceived to be disabled by the employer must be provided with the due process protections as are other permanent employees removed for cause. My employer failed to do so.

- *Skelly v. State Personnel Board,* 15 Cal.3d 194, 206 (1975).

AMENDED COMPLAINT

PAGE 9 OF 15 *[JDC TEMPLATE – 05/17]*

- 10 -

## Claim #4

*(Name the law or right violated*: CLC 230 (f), CGC 12940 (m) CLC 230.1
*(Name the defendants who violated it*: SFPCU Mangers, Commission, City of SF

**Claim #4**

My employer SFPUC and its managers failed to provide me a permanent employee who became impaired due to violence while on duty including assaults, threats, intimidation, stalking, disruptive behavior and workplace violence reasonable accommodations on multiple occasions one of which it already previously provided me.

Cal. Labor Code Section 230(f): If an employee discloses that he or she is a victim of sexual assault, violence, or stalking, then the employer **must** provide reasonable accommodations while the victim is at work. Specifically, these accommodations may include transfers, modifying schedules, or installing locks.

Cal. Gov. Code Section 12940(m): This is a subsection of the Fair Employment and Housing Act (FEHA). An employer **must** give an employee a reasonable accommodation for any known physical or mental disabilities, if it does not create an "undue hardship".

Cal. Labor Code Section 230.1: This law applies to employers with 25 or more employees. Such employers cannot retaliate against an employee who is a victim of sexual assault, domestic violence, or stalking for taking time off to seek medical attention or trauma services.

AMENDED COMPLAINT
PAGE 10 OF 15 *[JDC TEMPLATE – 05/17]*

**Claim #5**

(*Name the law or right violated*: CLC 6311, OSHA Act Section 5 (a) (1)

(*Name the defendants who violated it*: SFPUC Mangers, Commission, City of SF

**Claim #5**

As a victim of workplace violence, threats, harassment, stalking and disruptive behavior in the high crime neighborhood of the Tenderloin I became further disabled with severe impairments and removed from duty by medical provider because of my conditions at work. My employer SFPUC demanded that I return despite of these conditions against my medical providers orders, and I refused. Despite seeking care, being in fear of re-traumatization, chances of losing my life or being incarcerated for self-defense related activities, further endangering my co-workers, being severely impaired and undergoing medical treatment. I was unable to carry out my safety obligations while impaired and undergoing treatment due disability impairments posing threats to my colleagues. I was denied the time needed to get treatment needed. My employer failed to implement safety workplace plan recommendations of zero tolerance per OSHA publication 3153, and it also failed to implement general duty clause requirements to remove employees from recognized hazards like to cause death or serious physical harm leaving me vulnerable to violence at the workplace.

Cal. Labor Code Section 6311: Employers cannot discharge employees for refusing to perform work that would violate any health and safety code.

General Duty Clause, Section 5(a)(1) of the Occupational Safety and Health Act of 1970 - employers are required to provide their employees with a place of employment that is "free from recognized hazards that are causing or are likely to cause death or serious physical harm."

AMENDED COMPLAINT
PAGE 11 OF 15 [JDC TEMPLATE – 05/17]

## Claim #6

(*Name the law or right violated*: LCS 6310, LCS 6311

(*Name the defendants who violated it*: SFPUC Mangers, Commission, City of SF

**Claim #6**

On August 12, 2020 I reported my injuries to my employer and filed a police report regarding my initial assault and later in February of 2021 reported these events requested, medical leave and reasonable accommodations for second time as an impaired worker for my experiences & injuries in a hazardous workplace. I experienced multiple incidents of workplace violence and reported these events to the security officer as required my employer. I requested change of these conditions and resources to help me and my employer failed to do so summarily terminating via medical separation.

Labor Code section 6310

Labor Code section 6311 - Employers cannot discharge employees for refusing to perform work that would violate any health and safety code.

AMENDED COMPLAINT
PAGE 12 OF 15 *[JDC TEMPLATE – 05/17]*

## Claim #7

(*Name the law or right violated*: CGC 815.6

(*Name the defendants who violated it*: SFPUC Mangers, Commission, City of SF

**Claim #7**

On April 26, 2022, I filed a complaint with City of SF Controllers office Case Number 22-01672 for damages and they failed to provide any relief, expediently denying my claim. They failed to provide relief to me despite SFPUC and its managers failing to keep their mandatory duties to refrain from terminating medically impaired workers. They failed to provide relief despite SFPUC neglecting to provide me due process and allowing the retirement board to determine my incapacity to perform duties. They failed to provide relief despite SFPUC hazardous working conditions and not correcting conditions leading to ongoing workplace violence. They failed to provide relief even though I was a victim of violence and had not been given the time needed to get treatment from trauma experienced while on duty.

CGC 815.6 provides that, if a public entity is under a mandatory duty imposed by statute or regulation designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury caused by its failure to discharge the duty unless it is shown it exercised reasonable diligence.

AMENDED COMPLAINT
PAGE 13 OF 15  [JDC TEMPLATE – 05/17]

# DEMAND FOR RELIEF

*[State what you want the Court to do. Depending on your claims, you may ask the Court to award you money or order the defendant to do something or stop doing something. If you are asking for money, you can say how much you are asking for and why you should get that amount or describe the different kinds of harm caused by the defendant.]*

#1

**Compensatory Damages** – $18,750,000

- Mental anguish - $1,000,000 (50K + 20yrs) [27K outpatient 5K Therapist 10K Psychiatrist 5K Treatment 3K Medication]
- Future medical expenses - $1,000,000 (50K + 20yrs) [27K outpatient 5K Therapist 10K Psychiatrist 5K Treatment 3K Medication]
- Future lost wages - $5,750,000 ($150,000 X 25 years + Retirement Pension + Investments)
- Long-term physical pain and suffering - $2,500.000 (100K + 25yrs)
- Loss of consortium -$2,000,000 (100K + 20yrs)
- Inconvenience - $500,000.
- Loss of enjoyment of life - $2,000,000 (100K + 20 years)
- Loss of opportunity - $4,000,000 (Real-estate investment + small business + removal from industry)

**Financial Costs, Bills and Special Damages**

Cost of Medical Equipment & treatment, Cost of Medication, Damaged or Lost Property, Expenses Paid Out of Pocket, Hospital Stay, Lost Wages, Medical Bills, Rehabilitation.

**Pain and Suffering – General Damages**

Emotional Turmoil, Disruption of Daily Lifestyle, Loss of Enjoyment, Loss of Consortium, Physical Pain, Recklessness or Gross Negligence (for injuries resulting from another party) and of course, Stress.

#2

**Back Pay -** *$192,000*

#3

**Economic Damages** -- $6,247,000 total dollar losses over the course of 45 years ($138,822 X 45yrs = $6,247,000) Based on wages of 52.15 per hour + annual raises.

#4

**TOTAL - $25,369,000.00**

_____ AMENDED COMPLAINT
PAGE 14 OF 15 *[JDC TEMPLATE – 05/17]*

- 15 -

# DEMAND FOR JURY TRIAL

*[Check this box if you want your case to be decided by a jury, instead of a judge, if allowed.]*

☒ Plaintiff demands a jury trial on all issues.

Respectfully submitted,

Date: 8/19/22   Sign Name: *Cory A Horton, Sr*
              Print Name: CORY A. HORTON, SR

AMENDED COMPLAINT
PAGE 15 OF 15   *[JDC TEMPLATE – 05/17]*